1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ADAM HIRSCH and CAMRON
BALLESTEROS,

          Plaintiffs,

  v.

BRENTWOOD UNION SCHOOL DISTRICT,
DINA HOLDER, CONSTANCE FORREST,
MARGARET KRUSE, LAURI JAMES, and
DOES 1-30,

          Defendants.

_____/

No. C 15-04508 JSW

**ORDER DENYING MOTION TO
DISMISS**

    Now before the Court is the motion to dismiss filed by defendants Brentwood Union School

District ("Brentwood District"), Constance Forrest, Margaret Kruse, and Lauri James (all defendants

except Dina Holder, hereinafter "Moving Defendants"). Having carefully reviewed the parties'

papers, considered their arguments and the relevant legal authority, the Court hereby DENIES the

motion to dismiss.

**BACKGROUND**

    According the Amended Complaint, Plaintiffs Adam Hirsch and Camron Ballesteros were

students in defendant Dina Holder's class in the Brentwood District during the school years 1998-

1999 and 2001-2002, respectively. (Amended Complaint ¶¶ 11, 12, 22, 35.) Plaintiffs allege that

Holder was a special education teacher in the Brentwood District from 1996 through 2012 and that

during that time, she subjected her students, all of whom suffered from developmental and language

delays due to disabilities, to ongoing physical, verbal, and psychological abuse. (*Id.* at ¶¶ 11, 12,

23.)

Plaintiff Adam was a three-year-old preschooler at the time he was placed in Holder's classroom. He had been diagnosed with septo-optic dyspasia, panhypopituitarism, and Asperger's syndrome. (*Id.* at ¶¶ 21, 22.) Among other charges, Plaintiff alleges that Holder subjected him to physical abuse such as pulling him around the classroom by his arm, frequently picking him up in his chair and carrying him around and them dropping him and his chair to floor, thereby injuring him. Adam also alleges that on one occasion, Holder dumped juice on his head, and left him in sticky clothes for the rest of the day because he was unable to drink out of a regular cup. (*Id.* at ¶¶ 25-27.) Holder frequently made Adam sit in a chair facing the wall, sometimes for most of the day, and would hit Adam on the head if he turned around to see that was happening in the classroom. (*Id.* at ¶¶ 28-29.) Adam's parents complained and he was removed from the classroom. Adam still suffers from trauma as a result of his exposure to Holder's classroom. (*Id.* at ¶¶ 31-33.)

Plaintiff Camron was a five-year-old student in Holder's class diagnosed with autism spectrum disorder, a specific learning disability (reading and writing), and borderline intellectual functioning. (*Id.* at ¶ 34.) Camron alleges that he was subjected to frequent timeouts for extended periods of time, occasionally slammed him in a chair, injuring him, and that Holder intentionally withheld his medications on multiple occasions. (*Id.* at ¶¶ 37-39.)

Plaintiffs allege that the Moving Defendants knew about the unhealthy educational environment and failed to respond to complaints of abuse. (*Id.* at ¶¶ 13-16.) Plaintiffs further allege that Brentwood District's training of its employees was inadequate. (*Id.* at ¶¶ 14, 16.)

Plaintiffs allege three causes of action for: (1) violation of constitutional rights under the Fourth Amendment pursuant to 42 U.S.C. Section 1983 against the individual defendants; (2) discrimination in violation of the Americans with Disabilities Act against Brentwood District; and (3) violation of Section 504 of the Rehabilitation Act of 1973 against Brentwood District. The Moving Defendants seek dismissal of all three causes of action.

The Court shall address additional relevant facts in the remainder of this order.

United States District Court

For the Northern District of California

2

**United States District Court**
For the Northern District of California

**ANALYSIS**

**A.      Legal Standard Governing Motion to Dismiss.**

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted.  The Court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).  Even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). If the allegations are insufficient to state a claim, a court should grant leave to amend, unless amendment would be futile. *See, e.g., Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

As a general rule, "a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994), *overruled on other grounds, Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) (citation omitted).  However, documents subject to judicial notice may be considered on a motion to dismiss. In doing so, the Court does not convert a motion to dismiss to one for summary judgment. *See Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991).  The Court may review matters that are in the public record, including pleadings, orders and other papers filed in court. *See id.*

**B.      Claim for Relief for Violation of Constitutional Rights.**

In their first claim for relief, Plaintiffs allege that Defendant Holder violated Plaintiffs' rights under the Fourth Amendment to the United States Constitution by actions utilizing unjustified and unreasonable force against them.  (Amended Complaint at ¶ 42.)  Plaintiffs allege that the Moving Defendants violated their constitutional rights protected by the Fourth Amendment by acting with deliberate indifference to the risk of harm to Plaintiffs and for the individuals' personal participation in the deprivation of civil rights by their failure to act in response to the allegations of serious child abuse by Holder.  (*Id.* at ¶ 43.)

Moving Defendants contend that Plaintiffs fail to state a cause of action because they have not alleged an actionable unconstitutional search or seizure against them.  The Fourth Amendment proscribes "unreasonable searches and seizures."  U.S. Const. amend IV; *Allen v. City of Portland*, 73 F.3d 232, 235 (9th Cir. 1995).  Violation of the Fourth Amendment requires an intentional acquisition of physical control.  *Brower v. County of Inyo*, 489 U.S. 593, 596 (1989).  A seizure "in the constitutional sense . . . occurs when there is a restraint on liberty to the degree that a reasonable person would not feel free to leave."  *Doe v. Hawaii Department of Education*, 334 F.3d 906, 909 (9th Cir. 2003).

In the context of a school setting, "[w]e begin with the principle 'that excess force by a [school official] against a student violate[s] the student's constitutional rights.'"  *Preschooler II v. Clark County School Bd. of Trustees*, 479 F.3d 1175, 1180 (9th Cir. 2007) (quoting *P.B. v. Koch*, 96 F.3d 1298, 1302-03 (9th Cir. 1996)).  "The consequences of a teacher's force against a student at school are generally analyzed under the 'reasonableness' rubric of the Fourth Amendment, although historically courts applied substantive due process analysis under the Fourteenth Amendment's 'shock the conscience' test."  *See id.* (citing *Doe*, 334 F.3d at 908-09) (quoting *New Jersey v. T.L.O.*, 469 U.S. 325, 342 (1985)) (applying the Fourth Amendment in the school context, requiring reasonableness to be assessed "in light of the age and sex of the student and the nature of the

*United States District Court*
For the Northern District of California

4

United States District Court
For the Northern District of California

1  infraction," and explaining the movement from substantive due process to Fourth Amendment

2  review).[1]

3      Here, Plaintiffs allege in the Amended Complaint that Holder physically and verbally abused

4  them when they were three and five years old and suffering from severe disabilities.  (Amended

5  Complaint ¶¶ 18, 21, 23, 25-29, 34, 38-40.)  Such alleged conduct included daily exposure to verbal

6  and physical abuse, dumping juice on Plaintiff Adam's head and leaving him in sticky clothes for the

7  rest of the day because he was unable to drink out of a regular cup, pulling Adam around forcefully

8  by his arm, frequently picking him up in his chair and carrying him around at chest level and then

9  dropping him and the chair to the floor, causing injury, as well as placing Adam in the corner for

10  most of the day and hitting him on the head when he turned toward his fellow students.  (Id. at ¶¶ 20,

11  23, 25-29.)  Plaintiff Camron alleges that Holder intentionally withheld medications on multiple

12  occasions, occasionally picked him up and slammed him into his chair, and frequently held Camron

13  in timeouts for extended periods of time.  (Id. at ¶¶ 37-39.)  Plaintiffs allege this abusive treatment

14  occurred repeatedly over an extended period of time.  (Id. at ¶¶ 23, 35, 36.)  The Court finds

15  unpersuasive Moving Defendants' contention that Plaintiffs fail to allege that the force used by

16  Holder "constituted or resulted in any restriction on the children's movement beyond the restriction

17  inherent in every-day school attendance."  (Motion at 7.)  The Court finds that, at this procedural

18  stage, Plaintiffs have set out sufficient facts to meet the threshold showing that Holder's physical

19  and verbal abuse was not reasonable "in light of Plaintiffs' age and disability and the context of the

20  events."  Preschooler II, 479 F.3d at 1180.  Where, in school cases, the Ninth Circuit has applied the

21  objectively unreasonable under the circumstances standard under the Fourth Amendment, the Court

22  does not find that the allegations on their face comprise a reasonable seizure of Plaintiffs in light of

23  educational objectives.  See Doe, 334 F.3d at 909.  Rather, the Court finds, as alleged by Plaintiffs,

24  the conduct was "excessively intrusive in light of the age and sex of the student[s] and the nature of

25  the infraction."  Id. (citing New Jersey, 469 U.S. at 342).

26

27      [1]   Moving Defendants also argue that Plaintiffs may not state a claim for violation of the
substantive due process afforded by the Fourteenth Amendment.  Plaintiffs do not set out such a claim
28  in their complaint and make no argument in opposition to the motion to dismiss that it was their
intention to state such a claim.

United States District Court

For the Northern District of California

1    Accordingly, Moving Defendants' motion to dismiss Plaintiffs' first cause of action for

2  violation of constitutional rights under the Fourth Amendment pursuant to 42 U.S.C. Section 1983 is

3  DENIED.

4  **C.**    **Claims for Violations of the Americans with Disabilities Act and Rehabilitation Act.**

5    Title II of the Americans with Disabilities Act ("ADA") provides that "no qualified

6  individual with a disability shall, by reason of such disability, be excluded form participation in or

7  be denied the benefits of the services, programs, or activities of a public entity, or be subjected to

8  discrimination by any such entity." 42 U.S.C. § 12132. Section 504 of the Rehabilitation Act

9  provides that "[n]o otherwise qualified handicapped individual in the United States . . . shall, solely

10  by reason of his handicap, be excluded form participation in, be denied the benefits of, or be

11  subjected to discrimination under any program or activity receiving Federal financial assistance." 29

12  U.S.C. § 794. Title II of the ADA was expressly modeled after Section 504 of the Rehabilitation

13  Act and the Court analyzes the claims together, as there is no significant difference in the analysis of

14  rights and obligations created by the two acts. *See Duvall v. County of Kitsap*, 260 F.3d 1124, 1135

15  (9th Cir. 2002); *Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1055 n.1 (9th Cir. 2005).

16    In order to allege a cause of action for discrimination in violation of the ADA and Section

17  504, the plaintiff bears the burden of demonstrating that he is disabled and that the discrimination

18  was "by reason of" (or in the case of Section 504, "solely by reason of") his disability. *See* 42

19  U.S.C. § 12132; 29 U.S.C. § 794; *see also E.R.K. ex rel. R.K. v. Hawaii Department of Education*,

20  728 F.3d 982, 992 (9th Cir. 2013). The plaintiff must show that the discrimination was intentional

21  or motivated by discriminatory animus, including if it involved an element of deliberate indifference,

22  defined as "knowledge that a harm to federally protected right is substantially likely, and a failure to

23  act on that likelihood." *Duvall*, 260 F.3d at 1138-39. The failure to act must be more than mere

24  negligence, but rather must involve "an element of deliberateness." *Id.*

25    Moving Defendants contend that Plaintiffs fail to state claims under the ADA and the

26  Rehabilitation Act because they fail to allege that any discrimination was by reason of the minor

27  plaintiffs' disabilities. However, the Court finds that Plaintiffs have proffered sufficient allegations

28  that Holder's abusive behavior was motivated by discriminatory animus. Plaintiff Adam alleges that

**United States District Court**
For the Northern District of California

1   Holder dumped juice on his head and left him in sticky wet clothes all day "because he was unable

2   to drink out of a regular cup." (Amended Complaint ¶ 25.)  The fact that Adams was unable to drink

3   out of a regular cup is a symptom of his disability.  Plaintiff Camron alleges that Holder

4   intentionally withheld his medications on multiple occasions.  (*Id.* at ¶ 38.)  Ostensibly, the

5   medications were necessary as a result of Camron's disability.  Plaintiffs allege that "Holder's

6   actions were clearly motivated by obvious animus toward" them.  (*Id.* at ¶ 48.)  Plaintiffs allege that

7   Holder "directed epithets toward the Plaintiffs cursing at them and denigrating their intelligence and

8   their disabilities." (*Id.*)  Further, Plaintiffs allege that the Moving Defendants did not act to end the

9   abuse once the parents of Plaintiffs informed them of it.  (*See id.* at ¶¶ 13, 15, 31, 43, 49, 58.)  At

10  this procedural posture, the Court finds that Plaintiffs state sufficient facts to allege that Holder's

11  abusive conduct, and by vicarious liability, the Moving Defendants', was motivated by

12  discriminatory animus.

13          Accordingly, Moving Defendants' motion to dismiss Plaintiffs' second and third causes of

14  action for violations of the ADA and Rehabilitation Act is DENIED.

15                                        **CONCLUSION**

16          For the foregoing reasons, Moving Defendants' motion to dismiss is DENIED.  In light of

17  this ruling, the Court refers this matter to Magistrate Judge Beeler to conduct a further settlement

18  conference within the next 90 days.

19          **IT IS SO ORDERED.**

20  Dated:   September 22, 2016                    _____

21                                              JEFFREY S. WHITE
                                                UNITED STATES DISTRICT JUDGE
22

23

24

25

26

27

28